# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-803V
Filed: February 22, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| THOMAS WATLINGTON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Decision on Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Mark T. Sadaka, Esq.*, Mark T. Sadaka, LLC. Englewood, NJ, for petitioner.
*Adriana R. Teitel, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 2, 2014, Thomas Watlington ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered from Acute Disseminated Encephalomyelitis ("ADEM"), and spinal cord inflammation, and/or Transverse Myelitis ("TM"), as a result of receiving a Tetanus-Diphtheria-acellular Pertussis ("TDaP") vaccination on October 31, 2011. Petition, ECF No. 1. Respondent denied causation; nevertheless, the parties stipulated to a damages award, and the undersigned issued a decision awarding damages on August 11, 2017. *See* ECF No. 53. On February 1, 2018, petitioner filed a Motion for Attorneys' Fees and Costs, requesting attorneys' fees in the amount of $16,490.13, and costs in the amount of $11,707.01. Motion for Fees, ECF No. 59.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent did not oppose the request in substance, but instead asked that the undersigned to exercise her discretion in determining the proper amount to be awarded. Respondent's Resp., ECF No. 60.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, [t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall* v. *Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.* v. *U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch* v. *Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No.

---

[3] This fee schedule is posted on the court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016,* http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017). Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Furthermore, some tasks are generally compensated at a reduced rate. Attorneys who perform non-attorney-level work are compensated at a rate comparable to what would be paid for a paralegal or secretary. *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). Finally, some tasks are never compensable. For instance, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). And clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Non-compensable clerical and secretarial tasks include making travel arrangements, reviewing and paying invoices, setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency. *J.W.*, 2017 WL 877278, at *3; *Barry v. Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella* v. *Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen*, 102 Fed. Cl. at 729.

## II. Discussion

### A.   Reasonable Rates and Time Expended

Petitioner requests $16,490.13 in attorneys' fees. ECF No. 59-1. The requested hourly rates, *see id*. at 2, are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel. *See e.g.*, *Rodriguez v. Sec'y of Health & Human Servs.*, No. 13-253V, 2017 WL 4509275, at *1 (Fed. Cl. Spec. Mstr. Sept. 15, 2017); *Ladue v. Sec'y of Health & Human Servs.*, No. 12-553V, 2017 WL 2328169, at *5 (Fed. Cl. Spec. Mstr. May 25, 2017).

Moreover, the number of hours expended in this case by petitioner's counsel appear to be reasonable. Therefore, the undersigned awards the requested attorneys' fees.

**B.     Reasonable Costs**

Petitioner requests a total of $11,707.01 in attorneys' costs. ECF No. 59-2. The requested costs consist of securing medical records, shipping costs, and expert fees. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the undersigned awards **$28,197.13**,[4] representing $16,490.13 in attorneys' fees, and $11,707.01 in costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mark T. Sadaka, Esq. The clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.